# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-00118 |
| VERSUS | JUDGE ROBERT G. JAMES |
| HORATIO BENTON | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Pending before the Court is a second letter motion for prior jail credit [Doc. No. 44] filed by Defendant Horatio Benton ("Benton"). Benton now contends that he was in federal custody for 39 months, but has only been given credit by the Bureau of Prisons ("BOP") for two days. He moves the Court to credit him for all time he alleges that he spent in federal custody.

As the Court explained in its previous Memorandum Order [Doc. No. 43], pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated.

As with his first motion, Benton has made no showing that he has exhausted his remedies through the BOP, and he is currently incarcerated in Bruceton Mills, West Virginia, which is not located in the Western District of Louisiana. Accordingly,

IT IS ORDERED that Benton's second letter motion for prior jail credit [Doc. No. 44],

which this Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241, is

DENIED and DISMISSED WITHOUT PREJUDICE to his right to re-file in the proper court

after he has exhausted his administrative remedies.

MONROE, LOUISIANA, this 20th day of July, 2016.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE