# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 3:12-00118 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| HORATIO BENTON | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is the motion of Horatio Benton ("Benton") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court, having considered the motion, the memorandum in support, and the law, gives notice of its intent to dismiss the motion, *sua sponte*.

## I. FACTS AND PROCEDURAL HISTORY

On April 26, 2012, Benton was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [Doc. No. 1].

On December 10, 2012, Benton appeared before Magistrate Judge Hayes and entered a plea of guilty to the offense charged. The same day, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 36] to the Court recommending that it adopt Benton's guilty plea. On January 4, 2013, then-presiding Judge Tom Stagg adopted the Report and Recommendation and adjudged Benton guilty. [Doc. No. 37].

On March 12, 2013, Benton was sentenced to a term of imprisonment of 96 months. [Doc. No. 39]. Benton did not appeal his sentence or seek post-conviction relief. The United States did not file an appeal either.

On June 21, 2019, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

On December 20, 2019, Benton filed the instant motion.

## II. LAW AND ANALYSIS

After conviction and exhaustion or waiver of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). However, a defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude on collateral review, but must show both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Benton's motion was filed well beyond the date on which his judgment of conviction became final. *See United States v. Plascencia*, 537 F.3d 385, 387 (5th Cir. 2008) (concluding that a federal defendant's "conviction became final when the time expired to file a

2

timely notice of appeal on direct review"); *see also* Fed. R. App. P. 4(b)(1)(A) (" In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed; or . . . (ii) the filing of the government's notice of appeal."). Additionally, he does not raise any argument that there was an impediment to his filing under §2255(f)(2), or that there are newly discovered facts under § 2255(f)(4).

As the sole ground for his motion, Benton cites to the United States Supreme Court's decision in *Rehaif*. Although Benton does not specifically speak to the timeliness of his motion, he can only proceed under § 2255(f)(3), if he filed suit within one year of the *Rehaif* decision, **and,** in that case, the Supreme Court newly recognized the right upon which he relies and made that right retroactively applicable to cases on collateral review.

In *Rehaif v. United States*, the Supreme Court determined that in a prosecution under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the government "must show that the defendant knew he possessed a firearm and **also that he knew he had the relevant status when he possessed it**." 139 S.Ct. at 2191, 2194 (emphasis added).

While the United States Court of Appeals for the Fifth Circuit has not addressed this issue, the Eleventh Circuit has. *See In re Palacios*, 931 F.3d 1314 (11th Cir. 2019). In *Palacios*, the Eleventh Circuit analyzed this issue and found as follows:

> His claim relies solely on *Rehaif*, which did not announce a "new rule of constitutional law," but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g). *Rehaif*, 139 S. Ct. at 2195-96 (emphasis added). Moreover, even if *Rehaif* had announced a new rule of constitutional law, as Palacios concedes in his application, it was not made retroactive to cases on collateral review by the Supreme Court. *See Tyler v. Cain*, 533 U.S. 656, 661-66, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

*In re Palacios*, 931 F.3d at 1315.

The Court agrees with the Eleventh Circuit. While Benton filed his § 2255 motion within one year of the issuance of *Rehaif*, the Supreme Court did not announce a new rule of law and make that rule retroactive. The Court finds that Benton's § 2555 motion should be dismissed as untimely. Therefore,

IT IS ORDERED that Benton show cause within thirty (30) days of the date this Memorandum Order why his motion should not be dismissed with prejudice as untimely.

MONROE, LOUISIANA, this 9th day of January, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE